WILLIAM H. DICKENS, Respondent, *v.* THE CITY OF NEW YORK, Defendant, and ATLANTIC GULF AND PACIFIC COMPANY, Appellant.

Second Department, December 22, 1916.

**Waters and watercourses — action for damages to oyster bed by company dredging channel — negligence — damages — growing oysters constitute personal property — trespass.**

Action by a person who had planted seed oysters on land under water held by the city of New York in trust for its inhabitants who had the right to use the same for the purpose of navigation and fishery against a contractor which had agreed to dredge a channel near the plaintiff's oyster bed, for the destruction of the bed by the defendant's negligence in allowing mud to escape from its suction pipes and from other sources into the water.

*Held,* on all the evidence, that a finding of negligence on the part of the defendant contractor should be affirmed;

That the plaintiff's damages were properly limited to the destruction of the oysters actually planted by him;

That such oysters were personal property;

That the plaintiff, although he had no permission or lease from the city of New York, was not a trespasser.

APPEAL by the defendant, Atlantic Gulf and Pacific Company, from part of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of April, 1915, upon the decision of the court, a jury having been waived; also from an order entered in said clerk's office on the 16th day of April, 1915, denying its motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on or about the 20th day of April, 1915, granting plaintiff an extra allowance.

*Harry W. McChesney* [*Albert A. Hovell* with him on the brief], for the appellant.

*Ralph G. Barclay* [*Virtus L. Haines* with him on the brief], for the respondent.

CARR, J.:

The plaintiff has recovered a judgment against the defendant the Atlantic Gulf and Pacific Company, for the sum of

$1,800 and costs, together with an extra allowance of $90. That defendant appeals. The complaint was dismissed as to the other defendant, the city of New York, without costs, and as to this part of the judgment there is no appeal.

The plaintiff was in apparent possession of some land under water in Jamaica bay, which he used as a bed for the cultivation of oysters. It was his custom to plant seed oysters on this bed in the spring of each year. According to this custom, in the spring of 1912 he planted his seed oysters. This bed was in a small channel where the tide ebbed and flowed considerably. The city of New York, acting in conjunction with the Federal government, projected a plan for improving navigation in Jamaica bay. It awarded a contract to the defendant, the Atlantic Gulf and Pacific Company, to dredge out certain channels. This contract is in evidence and there is attached to it a map of the locality, on which the plaintiff's oyster bed is shown as "Lot 250." The plaintiff's oyster lot was not in the channel that was to be dredged, but was about 1,000 feet away. There were also other oyster beds in the locality and likewise shown upon the map. The result of the appellant's method of work was that large quantities of mud were allowed to escape from its suction pipes into the water, and likewise from a spill bank in which the excavated material was deposited. This mud was carried along by the tide and settled upon the plaintiff's oyster lot, destroying his oysters and ruining the bed for further use as an oyster lot. The case was tried and decided upon the theory of negligence. There is much discussion in the briefs which is not relevant to this appeal in view of the theory upon which the case was tried.

There are really but two questions before us, one of fact and one of law. That of fact is whether, on the whole case, the plaintiff made out a cause of action for negligence. The plaintiff gave proof as to what actually happened while the appellant was operating. There can be no reasonable question that the defendant permitted large quantities of mud to escape from its pipes. Expert evidence was given to the effect that the defendant's method of operation was not reasonably proper in view of the circumstances. The appellant gave expert evidence that leakage from the pipes was unavoidable, and that it had used

the ordinary method of operation. On this conflict of evidence the trial court found in favor of the plaintiff. We think that there is not sufficient cause to disturb the finding of fact on this point. Now, as to the question of law, which is debatable. The plaintiff had a lease of his oyster lot from the State of New York. But the land in question, as found by the trial court, was not owned by the State, but by the city of New York, as the successor of the city of Brooklyn, which, in turn, owned it as the successor of the town of Flatlands. The plaintiff proved no permission or lease to him from the city of New York. Therefore, as the appellant argues, the plaintiff was a trespasser, or, at most, a mere licensee, and accordingly, it is not liable to him for simple negligence in the absence of an element of wanton recklessness. The cases on this question are familiar. The trial court eliminated all damages for the destruction of the lot as an oyster bed, considering its future use, and allowed damages only for the destruction of the oysters actually planted on the lot by the plaintiff. We think he was right, and the plaintiff does not contest this view. The plaintiff had no right, as against the city of New York, or as against the Federal government, to use the lot as an oyster bed. But the seed oysters which he planted, and which were growing into marketable oysters, were personal property. The town of Flatlands, under the theory of the decision at Trial Term, had received this land under water by a colonial grant, not in a strict proprietary sense, but in trust for its inhabitants. Any of the latter could use the waters and the bed thereof for the purpose of navigation and fishery. Of course, the town could regulate reasonably this use. The city of New York has the same quality and quantity of title as had the town of Flatlands. There is no proof of any regulation adopted by the city of New York as to the use of lands under water in Jamaica bay for the purpose of oyster planting and growing. Therefore, any of its inhabitants might use them reasonably for fishery purposes, among which must be included oyster growing. In so using these lands under water, even without specific permission from the city of New York, the inhabitant of the territory of the former town of Flatlands did not become a trespasser. When he put his seed oysters upon the land they were

personal property, and they did not cease to be such while they remained there.

The judgment and orders should be affirmed, with costs.

Present — JENKS, P. J., CARR, STAPLETON, RICH and PUTNAM, JJ.

Judgment and orders unanimously affirmed, with costs.